AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Virginia

| | | |
|---|---|---|
| United States of America | ) | **UNDER SEAL** |
| v. | ) | |
| | ) | |
| Ronald Lorenzo RONEY | ) | Case No.   3:24-mj 60 |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ March 31, 2023 _____ in the county of _____ Petersburg (City) _____ in the

_____ Eastern _____ District of _____ Virginia _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(C) | Possess with intent to distribute a mixture and substance containing cocaine hydrochloride, a Schedule II controlled substance and a mixture and substance containing fentanyl, a Schedule II controlled substance. |

This criminal complaint is based on these facts:

See attached.

☑ Continued on the attached sheet.

_____
Complainant's signature

Reviewed by Olivia L. Norman, AUSA

Jeremy M. Wasser, Special Agent, HSI
_____
Printed name and title

Sworn to before me and signed in my presence.

Date: _____ 06/20/2024 _____

/s/ MRC
_____
Judge's signature

City and state: _____ Richmond, Virginia _____

Hon. Mark R. Colombell, U.S. Magistrate Judge
_____
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Jeremy M. Wasser, being duly sworn, depose and say:

1.      I am a Special Agent with Homeland Security Investigations (HSI) within the Immigration and Customs Enforcement (ICE), Department of Homeland Security (DHS) and have been so employed since January 2019.  As a Special Agent (SA) with HSI, I am authorized to investigate crimes involving violations of federal law, to include: Chapter 13 of Title 21.  Prior to becoming an HSI Special Agent, I served as a Criminal Investigator with the Department of Defense (DOD), Pentagon Force Protection Agency (PFPA) from March 2015 to January 2019.  I also served as an ICE Deportation Officer in Richmond, Virginia from December 2009 to March 2015, and a United States Border Patrol Agent in El Paso, Texas from August 2007 to December 2009.

2.      I am a graduate of the Federal Law Enforcement Training Center (FLETC) located in Glynco, Georgia.  At FLETC, I was trained in, among other things, criminal investigative techniques, narcotics smuggling, and other federal criminal investigations.  While working for HSI, I have conducted and participated in investigations of violations of federal law including the trafficking of illicit narcotics and transnational criminal organizations (TCOs).  I am empowered by law to investigate and make arrests of federal law and to execute warrants issued under the authority of the United States.

3.      The facts and information contained in this affidavit are based upon my personal knowledge as well as the observations of other agents involved in this investigation.  All observations not personally made by me were relayed to me by the individuals who made them or were conveyed to me by my review of records, documents, and other physical evidence obtained during this investigation.

4.      This affidavit contains information necessary to support probable cause for this application.  This affidavit is not intended to include each, and every fact and matter observed by me or known to the government.

## RELEVANT STATUTORY PROVISIONS

5.      Based on the facts set forth in this affidavit, there is probable cause to believe that on or about March 31, 2023, in the Eastern District of Virginia, Ronald Lorenzo RONEY possessed with intent to distribute cocaine and fentanyl, both Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

## PROBABLE CAUSE: POSSESS TO DISTRIBUTE COCAINE AND FENTANYL

6.      In December 2022, investigators assigned to the Virginia State Police (VSP) Area 1B Narcotics Task Force (1BNTF) initiated a multi-jurisdictional investigation into the drug trafficking activities of Ronald Lorenzo RONEY and others, based on information gathered from several investigations that were being conducted independently by VSP and the Chesterfield County Police Department (CCPD).

7.      On March 31, 2023, the culmination of the aforementioned investigation led to the execution of nine search warrants at six different residences located in Petersburg City and Dinwiddie County, Virginia, which are located in the Eastern District of Virginia.  Among the locations searched pursuant to a search warrant was RONEY's primary residence.

8.      At approximately 0814 hours, VSP Troopers executed the search warrant of RONEY's primary residence located at 120 Perry Street, Building #2, Apartment 432, Petersburg, Virginia 23803.  A search incident to the warrant resulted in the recovery of numerous quantities of suspected cocaine and fentanyl, and approximately 485 blue "M30" pills (which appeared to be counterfeit 30 mg Oxycodone pills and are commonly referred to on the

street as "Percs" or "Percocet") from several different locations within RONEY's bedroom. Agents also recovered packaging materials, digital scales, a mechanical press, multiple cell phones, and $55,945 in U.S. Currency from RONEY's bedroom. Agents recovered a money counter from another bedroom.

9. RONEY was inside the residence when the search warrant was executed. Agents took RONEY outside and read the Miranda warnings and rights to RONEY, who stated he understood his rights and was willing to speak to investigators without a lawyer present. RONEY admitted that he was in possession of approximately four kilograms of cocaine, approximately 300 Percocet pills, and approximately three kilograms of fentanyl, in addition to U.S. Currency and digital scales. RONEY told investigators that the narcotics were in his master bedroom inside apartment 432. RONEY also admitted to selling cocaine and fentanyl for profit. RONEY stated that his girlfriend and her father, who were also living in RONEY's apartment, had nothing to do with the narcotics found in his bedroom.

10. The larger suspected quantities of cocaine and fentanyl were submitted to the Virginia Department of Forensic Science where they tested positive for cocaine, a Schedule II controlled substance, that weighed 4,965.55 grams, and fentanyl, a Schedule II controlled substance, that weighed 2,825.96 grams. Based on my training and experience, these quantities are inconsistent with personal use. Personal use quantities of cocaine and fentanyl are well below 1 gram. The seized quantities constitute thousands of user quantities of cocaine and fentanyl. Additionally, kilograms are typical wholesale weights utilized by large scale distributors of cocaine and fentanyl. A kilogram of cocaine sells for approximately $20,000 to $30,000 per kilogram, depending on the source and the number of kilograms obtained at one time. A kilogram of fentanyl sells for approximately $30,000 per kilogram, depending on the

source and the number of kilograms obtained at one time.  The cost for the amount of drugs

recovered from RONEY's apartment would be prohibitive for a typical user.  Additionally, other

indicia of distribution were located in RONEY's room, including multiple sets of digital scales,

latex gloves next to plastic sandwich bags and a digital scale, multiple cell phones, and a

mechanical press.  Drug traffickers typically break down kilograms into smaller quantities for

resale and use digital scales to weigh out those quantities and use plastic sandwich bags to

package the smaller quantities of drugs for resale.  Presses, like the press located in RONEY's

bedroom, are used by large-scale drug traffickers to "repress" controlled substances after adding

cutting agent to them to increase the volume of drugs being sold, to give the appearance that the

drugs being sold were just cut off the kilogram that came directly from the manufacturer.  All of

these indicia of distribution, in addition to the sheer quantity of drugs seized, are consistent with

the intent to distribute and inconsistent with personal use.

### CONCLUSION

11.     Based on the foregoing, there is probable cause to believe that on or about March

31, 2023, in the Eastern District of Virginia, Ronald Lorenzo RONEY did possess with the intent

to distribute Cocaine, a Schedule II controlled Substance and Fentanyl, a Schedule II controlled

substance.

Jeremy M. Wasser, Special Agent
United States Department of Homeland Security
Homeland Security Investigations

Sworn and subscribed to before me this 20th day of June, 2024, in Richmond, Virginia.

/s/ MRC

Mark R. Colombell
United States Magistrate Judge